UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL POSEY, III, | No. 2:24-cv-2805 CSK P |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| WARDEN, FCI-HERLONG, | |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. As discussed below, the Court recommends that this case be dismissed for failure to prosecute.

I.   BACKGROUND

On February 24, 2025, respondent filed a motion to dismiss. (ECF No. 22.) Petitioner did not file an opposition to the motion.

On April 3, 2025, petitioner was ordered to file an opposition or a statement of non-opposition to the pending motion within thirty days. In that same order, petitioner was advised of the requirements for filing an opposition to the pending motion and that failure to oppose such a motion would be deemed as consent to have the: (a) pending motion granted; (b) action dismissed for lack of prosecution; and (c) action dismissed based on petitioner's failure to comply with these rules and a court order. (ECF No. 37.) Petitioner was also informed that failure to file

1

an opposition would result in a recommendation that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  (Id. at 1.)

Because the thirty day period expired on a Saturday, petitioner had until May 5, 2025 to comply with the April 3, 2025 order.  That deadline expired, and petitioner did not respond to the court's order.

Although it appears from the file that petitioner's copy of the order was returned, petitioner was properly served.  It is the petitioner's responsibility to keep the court apprised of his current address at all times.  Pursuant to Local Rule 182(f), service of documents at the record address of the party is fully effective.

II.     GOVERNING STANDARDS

"District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action.  Thompson v. Housing Auth., City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules.  See, e.g., Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).  In determining whether to dismiss an action, the Court must consider several factors:  (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the respondents; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

III.     DISCUSSION

Here, in determining to recommend that this action be dismissed, the Court considered the five factors set forth above.  The first two factors strongly support dismissal of this action.  The action has been pending for over nine months and respondent has filed a motion to dismiss this action. (ECF No. 22.)  In the motion, respondent contends that the Bureau of Prisons ("BOP")

correctly calculated the date petitioner's federal incarceration commenced, petitioner received appropriate Alabama state custody credit, petitioner was not entitled to nunc pro tunc concurrent federal time for crimes not covered by his unrelated Northern District of Alabama federal judgment, and petitioner failed to exhaust his administrative remedies prior to filing this action. (ECF No. 22 at 3-4.)  Petitioner's failure to comply with the Local Rules and the Court's April 3, 2025 order suggests that he abandoned this action, and that further time spent by the Court thereon will consume scarce judicial resources in addressing litigation which petitioner demonstrates no intention to pursue.

Under the circumstances of this case, the third factor, prejudice to respondent from petitioner's failure to oppose the motion, is neutral.  While petitioner's failure to oppose the motion could delay resolution of this action, and a presumption of injury arises from the unreasonable delay in prosecuting an action, Anderson v. Air W., 542 F.2d 522, 524 (9th Cir. 1976), petitioner was also warned that the failure to oppose the motion could result in granting the motion and dismissal of the action, which would not prejudice respondent.

The fourth factor, public policy favoring disposition of cases on their merits, weighs against dismissal of this action as a sanction.

The fifth factor favors dismissal.  The Court advised petitioner of the requirements under the Local Rules and granted ample additional time to oppose the pending motion, all to no avail. The court finds no suitable alternative to dismissal of this action.

Therefore, for the reasons set forth above, the first, second, and fifth factors strongly support dismissal, and the third factor is neutral.  Under the circumstances of this case, those factors outweigh the general public policy favoring disposition of cases on their merits.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a district judge to this case.

Further, IT IS RECOMMENDED that this action be dismissed without prejudice based on petitioner's failure to prosecute.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 12, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/pose2805.nop.157

4